CLERKS OFFICE US DISTRICT COURT
AT ABINGDON, VA
FILED
November 21, 2024
LAURA A. AUSTIN, CLERK
BY: /s/ Kendra Campbell
        DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Case No. 1:22CR00008 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **JONATHAN AVERY SHUMATE,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendant. | ) | |

*Lena L. Busscher, Assistant United States Attorney, Abingdon, Virginia, for United States; James B. Craven III, CRAVEN LAW FIRM, Durham, North Carolina, and John E. Jessee, JESSEE, READ & HOWARD, P.C., Abingdon, Virginia, for Defendant.*

Jonathan Avery Shumate, a federal inmate previously sentenced by this Court, has filed a Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The government opposes the motion. For the reasons stated below, I will deny the motion.

I.

Section 3582(c)(1) permits a sentencing court to reduce a sentence if "extraordinary and compelling reasons warrant such a reduction," the reduction "is consistent with applicable policy statements issued by the Sentencing Commission," and the applicable factors listed in § 3553(a) weigh in favor of granting compassionate release. 18 U.S.C. § 3582(c)(1)(A); *United States v. Hargrove*, 30 F.4th 189, 194 (4th Cir. 2022). A reduction in sentence must be consistent with the

policy statements of the Sentencing Guidelines. *United States v. Davis*, 99 F.4th 647, 654 (4th Cir. 2024).

## II.

On January 20, 2022, Shumate was charged in a criminal complaint with a violation of 18 U.S.C. § 2251(a), (e) which carries a mandatory minimum sentence of 15 years. A one-count Information was later filed, charging the defendant with using a facility and means of interstate or foreign commerce to knowingly persuade, induce, entice, and coerce any individual who had not attained the age of 18 years, to engage in sexual activity for which any person can be charged with a criminal offense, and attempting to do so, in violation of 18 U.S.C. § 2422(b). Section 2422(b) provides a mandatory minimum of 10 years' incarceration. Pursuant to a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), Shumate pled guilty to the Information and agreed to a period of incarceration within the range of 151 to 180 months. The Presentence Investigation Report (PSR) prepared by a probation officer correctly determined a guideline range of 120 to 135 months.

At Shumate's initial sentencing hearing, the attorney for the government justified the stipulated sentence range above the guideline range because Shumate was allowed to plead guilty to a § 2422(b) charge rather than a § 2251(a) charge,

thus escaping the 15-year mandatory minimum. Mot. Ex. 1, Tr. 4, ECF No. 90-1.[1] At the same hearing, counsel for Shumate expressed concerns with the plea agreement and whether she had given Shumate adequate representation in recommending that he accept that agreement. After an in-camera hearing with Shumate and his counsel, I relieved counsel, and a new attorney was appointed. At a second hearing with new defense counsel held on October 26, 2022, no further question was raised as to the plea agreement. I accepted the Rule 11(c)(1)(C) stipulation and Shumate was sentenced to 151 months' incarceration for coercion and enticement of a minor in violation of 18 U.S.C. § 2422(b).

In his present motion, Shumate argues that he should not have been sentenced to 151 months when the PSR listed a guideline range of 120 to 135 months, and that this deviation constitutes an extraordinary and compelling reason for a sentence reduction. He objects to the government's reasoning in stipulating a sentence above the range. Shumate also notes concerns voiced by his first attorney at his initial sentencing hearing, implying that ineffective assistance of counsel may form a basis for impeaching his guilty plea. Shumate requests a reduction to 120 months' imprisonment. Mot. 5, ECF No. 90.

---

[1] The government's attorney indicated that allowing the defendant to plead to a lesser charge was because this was a "unique" case, Tr. 4, ECF No. 79, since the minors involved, ages 16 and 17, had initially posted an ad on a social internet site stating that they would trade explicit photographs of themselves in return for vaping material, which the defendant answered, beginning his criminal conduct as charged. PSR ¶ 11, ECF No. 57.

In response, the government argues that Shumate has not established extraordinary and compelling circumstances justifying a reduction in sentence. The government contends that no reason offered by Shumate falls within the scope of the Sentencing Commission's policy statements for a reduction under § 3582(c)(1)(A)(i). The government also points out that Shumate cannot raise a claim for ineffective assistance of counsel in a compassionate release motion, and that the § 3553(a) factors weight against a sentence reduction.

The government concedes that Shumate has exhausted his administrative remedies. Accordingly, I find that Shumate has satisfied the statute's exhaustion requirement. 18 U.S.C. § 3582(c)(1)(A).

### III.

It is Shumate's burden to show that he is entitled to a sentence reduction under § 3582(c)(1). *United States v. Mattingley*, No. 6:15-CR-00005, 2020 WL 974874, at *3 (W.D. Va. Feb. 28, 2020). Shumate contends that his sentence is improperly high, but he has failed to argue that his circumstances fit under any of the enumerated conditions in § 1B1.13(b). At best, Shumate's argument relates to § 1B1.13(b)(6), which details how a defendant who received an unusually long sentence would be eligible for a reduction. However, § 1B1.13(b)(6) requires the defendant to have served at least ten years of the term of imprisonment and that a change in law produced a gross disparity between the sentence being served and the sentence likely

to be imposed at the time the motion was filed. Shumate, having been sentenced in 2022, has not been incarcerated for ten years. He does not point to any change in law as an extraordinary and compelling reason warranting a reduction.

Any claim for ineffective assistance of counsel also fails. Since § 2255 is the "exclusive method of collaterally attacking a federal conviction or sentence, a criminal defendant is foreclosed from the use of another mechanism, such as compassionate release, to sidestep § 2255's requirements." *United States v. Ferguson*, 55 F.4th 262, 270 (4th Cir. 2022). By questioning the validity of his plea bargain and insinuating that his counsel was ineffective by advising him to take the plea, Shumate is attacking his conviction or sentence.

Accordingly, I find that Shumate has not presented any extraordinary and compelling reasons that would warrant a reduction in his sentence.

IV.

Even if there are extraordinary and compelling reasons justifying a sentence reduction, the court must still analyze the § 3553(a) sentencing factors and decide whether those factors weigh in favor of granting compassionate release. *Hargrove*, 30 F.4th at 194. The court considers, among others, the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense. 18 U.S.C. § 3553(a).

The § 3553(a) factors weigh against granting a reduction. Shumate's present offense is serious. Shumate exchanged vaping items for sexually explicit photos from two minors. PSR ¶ 11, ECF No. 57. He traveled to their school and one of the juvenile's homes to drop off vape-related items. *Id.* ¶ 12. He sent them sexually explicit messages and photos. *Id.* ¶¶ 13, 15. He admitted that he knew both victims were underage and that he would have engaged in a physical sexual encounter with the victims had he not been caught. *Id.* ¶ 13.

Shumate's history and characteristics also caution against a reduction. In a psychiatric evaluation conducted in June of 2022, he selected "AGREE" when presented with the statements: "Kids who get molested by more than one person probably are doing something to attract adults to them" and "Some children are willing and eager to have sexual activity with adults." Psuchosexual Evaluation 12, ECF No. 64. Shumate also selected "STRONGLY AGREE" to the statement, "When women wear tight clothes, short skirts, and no bra or underwear, they are just asking for sex." *Id.* at 13.

Shumate's zero infractions and completion of educational courses in prison are to be commended. However, these accomplishments are outweighed by the serious nature of his offense and his history and characteristics.

V.

Accordingly, it is **ORDERED** that the Motion for Reduction in Sentence, ECF No. 90, is DENIED.

ENTER: November 21, 2024

/s/  JAMES P. JONES
Senior United States District Judge